## In re J.W. WESTCOTT CO.

### No. 01–CV–74359–DT.

United States District Court,
E.D. Michigan,
Southern Division.

July 21, 2003.

Steven B. Belgrade, Belgrade & O'Donnell, Chicago, IL, Thomas P. Branigan, Bowman & Brooke (Troy), Troy, MI, George M. Velcich, Belgrade & O'Donnell, Chicago, IL, for J.W. Westcott Company, Plaintiff.

Henry E. Billingsley, II, Arter & Hadden, Cleveland, OH, Jeffrey A. Healy, Tucker, Ellis, Cleveland, OH, for Knutsen Produkt Tanker V AS, Vessel Sidsel Knutsen, Claimants.

Paul D. Galea, Foster, Meadows, Detroit, for Lake Pilots Association, Claimant.

Philip G. Meyer, Farmington Hills, for Great Lakes Pilotage Authority, ThirdParty Defendant.

Dennis M. O'Bryan, O'Bryan, Baun, Birmingham, MI, for Barbara Lewis, Gary Natsiaka, Katherine Natsiaka, Claimants.

## ORDER GRANTING THE GREAT LAXES PILOTAGE AUTHORITY'S "MOTION FOR DISMISSAL OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT . . ."

CLELAND, District Judge.

Pending before the court is a "Motion for Dismissal or, in the Alternative, for

Summary Judgment ...," filed by the Great Lakes Pilotage Authority ("GLPA") on April 22, 2003. The court held this motion in abeyance so that Claimants could engage in additional discovery. All relevant discovery has been completed and the motion is now ripe. After reviewing the parties' briefs, the court concludes that a hearing on the motion is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons set forth below, the court will grant the GLPA's summary judgment.

## I. BACKGROUND

As detailed in the court's earlier written orders, this case arises from the sinking of the J.W. Westcott II, in which two of the members of the Westcott's crew were killed. Claimants originally brought suit against the parties alleged to have been directly involved in the fatal accident. On March 27, 2003, upon leave of the court, Claimants amended their complaint to include claims against the GLPA. Claimants contend that the GLPA is liable for Captain Robert Hull's actions because he was an employee of the GLPA. Claimants also assert that they were third-party beneficiaries of any contractual arrangements between the GLPA and the tanker involved in the accident, the M/V Sidsel Knutsen, and any warranties arising thereunder.[1]

## II. STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.

---

1. Claimants' second amended complaint does not separate Claimants' theories of liability into separate counts and it is unclear exactly what causes of action Claimants wish to advance. Thus, the GLPA moved for summary judgment with respect to all claims that could reasonably be construed from the complaint.

R.Civ.P. 56(c). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir.1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The existence of some factual dispute does not defeat a properly supported motion for summary judgment; the disputed factual issue must be material.

## III. DISCUSSION

### A. Vicarious Liability of the GLPA

As the case law of this district indicates, a pilots' association cannot be held liable for the negligence of one of its member pilots if the association did not have control over the pilot in the discharge of his duties onboard the ship. *See Consolidated Dock, Inc. v. Naviera Aznar, S.A.*, No. 77–72418 (E.D.Mich.1980) (GLPA's Ex. 1) (finding the GLPA free of liability for the negligence of one of its pilots because it did not have control over the pilot in the actual operation of the ship). With respect to the GLPA, the same association involved in this matter, Judge Avern Cohn held:

> Inasmuch as Claimants address only two of these theories in their response, vicarious liability and a third-party beneficiary of warranties theory, Claimants have waived assertion of any other claims that may be extracted from the complaint.

It is also clear on the authority of *Guy v. Donald*, 203 U.S. 399, 27 S.Ct. 63, 51 L.Ed. 245, that any voluntary association of U.S. pilots, of which the pilot on the ship in question might have been a member, had his turn come up on the "tour de role" would not have been liable.

.    .    .    .    .

Under the circumstances I find that [the GLPA], as above indicated, is the functional equivalent of a voluntary association of pilots which clearly would be free of liability under [U.S.] law.

I also find that Great Lakes had no control or management over the pilot in the operation of the ship to which he was assigned, or as Justice Holmes put it in *Donald* supra, "If all of his fellows past [sic] a vote on the spot that he should change [course] and shouted it through a speaking trumpet, he would owe no duty to obey, but would be as free as before to do what he thought best." 203 U.S. 399, 407, 27 S.Ct. 63, 51 L.Ed. 245.

*Consolidated Dock, Inc.*, No. 77–72418 at 4–5. The control necessary to expose the association to liability is control over the pilot in his operation of the ship at issue, and such is not present in the GLPA.

The GLPA was granted summary judgment in another case in this district on April 22, 1999, *City of Port Huron v. M/V The Admiral Ushakov*, No. 97–75487 (E.D.Mich.1999). Judge Nancy G. Edmunds stated, "Numerous cases hold that pilotage associations are not vicariously liable for the acts and omissions of their pilots because the associations lack control over the manner in which the pilots perform their duties aboard the vessels." *Id.* at 3 (citations omitted). Judge Edmunds found that "*Consolidated Dock* [was] directly on point" and granted the GLPA summary judgment. *Id.; see also*

*Dampskibsselskabet Atlanta A/S v. United States*, 31 F.2d 961, 962 (5th Cir.1929) ("The fundamental principle underlying the exemption of pilots' associations from liability for negligence of their members in performing their duties as pilots is that the association exercises no control over the manner in which those duties are to be performed, and therefore a pilot cannot be said to be an agent of the association in that respect.").

Without citing any legal authority, Claimants argue that the GLPA can be held liable for the actions of Captain Hull because he was within the control of the GLPA. Claimants argue that the Authority's ability to select and discharge and/or discipline its members and the Authority's exclusive right to advertise and charge for the services of its members demonstrate the control necessary to subject the GLPA to liability. Claimants' argument ignores the case law set forth above.

■ The general ability to control a pilot does not suffice. To be liable, the association must control the pilot's actions while discharging his professional duties onboard the vessel. *See Consolidated Dock, Inc.*, No. 77–72418 at 4–5. "The purpose of requiring a vessel to take a pilot is to have her in charge of a competent person, familiar with particular waters. When on board he is temporarily in charge of her whole navigation, including the duty of determining her course and speed, and the time, place, and manner of anchoring her." *Dampskibsselskabet Atlanta A/S*, 31 F.2d at 962. There is no evidence that Captain Hull was instructed to control the Knutsen in a particular manner, nor is there any evidence that anyone within the GLPA communicated with Hull while he was onboard the Knutsen or before he boarded the tanker with respect to his duties aboard the Knutsen on the date

of the accident. Such matters were left to Hull's professional judgment. (*See* Lemire Dep. at 17, 43–44, GLPA's Ex. 11.) Without such evidence, or other evidence indicating the Hull's operation of the Knutsen was in some way controlled by the GLPA, the GLPA cannot be held vicariously liable in the event Hull is adjudged to have been negligent. Accordingly, the GLPA will be granted summary judgment with respect to Claimants' theory of vicarious liability.

### B. Third–Party Beneficiary

Claimants' argument that they are entitled to damages from the GLPA on a third-party beneficiary theory for bills that the GLPA charged the Knutsen is contained in a footnote of their response. The entirety of the argument states, "Claimants argue that they are third-party beneficiaries of the factual arrangement giving rise to the invoice." (Claimants' Resp. at 1 n. 1.) Claimants, however, have provided no evidence that a contract existed between the GLPA and the Knutsen for October 23, 2001, the date of the accident. In fact, Robert Lemire, the Chief Executive Officers for the GLPA, testified that there was "no contract with the Sidsel Knutsen for that date." (Lemire Dep. at 44.) While Mr. Lemire did testify that the Knutsen was billed for services provided "by pilots Burgess and Hull from Port Weller to Sarnia, which were invoiced by the Authority to the Sidsel Knutsen's Montreal agent," (Lemire Aff. at ¶ 2), Claimants have presented no evidence that a contract, rather than a simple billing

arrangement, existed between the Authority and the Knutsen. Thus, there is no evidence of a contract upon which the implied warranty of workmanlike services or any third-party benefit could arise to the detriment of the GLPA.[2]

### IV. CONCLUSION

IT IS ORDERED that the GLPA's "Motion for Dismissal or, in the Alternative, for Summary Judgment …" [Dkt. # 145] is GRANTED.

---

2. In any event, even if the court were to assume that a contract did exist between the GLPA and the Knutsen, Claimants have provided no legal authority or factual basis for their third-party beneficiary claim. Claimants simply assert that they are third-party beneficiaries to the invoices that the GLPA sent to the Knutsen. Considering the case law cited by the GLPA, Claimants' one-line response is insufficient to persuade this court

that a triable issue of fact exists for the jury. *See Anderson,* 477 U.S. at 252, 106 S.Ct. 2505 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict-'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.' ").